Loren A. Sutton
Law Office of Loren A. Sutton
Summer Holiday Hotel, Ste 7101
P.O. Box 5593 CHRB
Saipan MP 96950
Ph: (670) 235 8065
Fax: (670) 235 8069
e-mail: lorensutton@hotmail.com

For Pelisamen

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.: 08-00001 |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM IN SUPPORT OF MOTION |
| ARRIOLA, JOSEPH ALDAN and | ) TO MODIFY BAIL APPOINT A THIRD |
| PELISAMEN, LUIS KAIPAT, | ) PARTY CUSTODIAN AND TO SET |
| Defendant | ) CONDITIONS FOR PRE-TRIAL |
| | ) RELEASE |

**I.**

**RIGHT TO PRE-TRIAL RELEASE IS FUNDAMENTAL**

The right to bail is fundamental to our system of law. *Herzog v. United States*, 75 S.Ct.349, 359, L.Ed 1299(1999).

> The law favors the release of defendants pending determination of guilt or innocence. Deprivation of liberty pending trial is harsh and oppressive in that it subjects persons whose guilt has not yet been judicially established to economic and psychological hardship, interferes with their ability to defend themselves, and, in many cases,

> deprives their families of support. Moreover, the maintenance of jailed defendants and their families represents a major public expense.

3A CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE, 761 (1982), quoting ABA Standards for Criminal Justice, 2d ed. 1980, 10-1.1.

"The system of bail is designed to reconcile the conflicting interests of the accused to freedom during trial and pending judicial review and of society to guard against the defendant's fleeing or hiding himself."

Id, citing *Bandy v. United States*, 81 S. Ct. 197, 51 L.Ed. 218 (1960)(opinion of Circuit Justice Douglas).

"The office of bail in a criminal case is to secure the due attendance of the party accused to answer the charge, submit to trial, and respond to the judgment of the court."

Id, citing Ex parte Milburn, 9 Pet. (34 U.S.) 704,710, 9 L.Ed. 280(1935).

## II.

## STANDARD OF PRE-TRIAL RELEASE

Standards of pre-trial release are set forth in the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq*. Pre-trial release is mandated under the least restrictive conditions that will reasonably assure the presence of the person and the safety of the community.

18 U.S.C. § 3142(c)(2); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

"Any doubts regarding the propriety of release should be decided in the Defendant's favor, and release should only be denied in rare circumstances."

*United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991)*.

The imposition of a financial condition on release cannot result in pre-trial detention.

*18 U.S.C.§ 3142(c)(2)*.

Several factors must be taken into account by the Court in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of the community.

*18 U.S.C. § 3142(g)*.

These factors are: (1) the nature and seriousness of the offense with which the Defendant is charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and the Defendant's criminal history; (4) the nature and seriousness of the danger to any person or to the community that would be posed if the Defendant were released; (5) whether the Defendant can successfully rebut the presumption arising from 18 U.S.C. §3142(e)(3).

A. <u>The Nature of the Charges</u>.

While the Act allows the Court to consider the nature of the offense, it does not permit or require a pre-trial determination of guilt. The nature of the charge can only be considered in determining the likelihood that the Defendant will appear as ordered or whether he poses a threat to any person or to the community.
*Supra, Motamedi, 767 F.2d at 1408*.

The charges against Luis Pelisamen involve wire fraud, money laundering and conspiracy. He presently is without funds and unable to purchase an airline ticket or arrange otherwise to flee this jurisdiction. He intends to cooperate with the AUSA and FBI and provide all the information he has regarding the crimes charged against himself and his co-defendant.

There is no indication that the Defendant would flee the jurisdiction if released

B. <u>The Weight of the Evidence</u>.

The least important of the factors that the Court must consider is the weight of the evidence.
*Supra, Motamedi*, 767 F. 2d 1408.

This factor neither requires nor permits a pre-trial determination of guilt. Id. This factor can only be considered on the issues of the likelihood that the Defendant will appear as ordered and whether he poses a danger to any person or to the community.

Counsel believes at this early point in the process that the evidence possessed by the Prosecution is weighty. However, the Defendant is not charged with a crime of violence and he is unlikely to perpetrate or attempt to perpetrate similar offenses inasmuch as he is no longer an Administrator of an Estate and thus is not in a position to do so.

C. <u>Defendant's Ties to the Community</u>.

Factors to consider are the length of time the Defendant has resided in the Commonwealth, whether he has been employed, whether he owns any property in the Commonwealth and whether he has any relatives who are United States citizens or residents. *United States v. Townsend*, 897 F.2d 989,995(9th Cir. 1972).

The Defendant Pelisamen was born and raised in the CNMI and has never lived elsewhere. He is married and resides in a family compound in Chalan Pale-Arnold, Saipan consisting of 6 houses occupied by his three brothers and their families, his sister

and his daughter and himself and his spouse. He has strong ties to the community. In the 1990's he was employed by the CNMI Department of Environmental Quality (DEQ). He developed "Chronic Lung Disease" and since that time his only income has been from disability retirement from the CNMI Retirement Fund.

Luis Pelisamen is a U.S. Citizen

D. Danger to Any Person or to the Community.

It is the governments burden to show that the Defendant possesses a propensity for violence or that he has a history of violence.
*United States v. Flores*, 856 F. Supp. 1400, 1403 (E.D.Cal. 1994).

If such is shown by the government the major concern is whether there are any conditions that the court can impose that will deter any violent tendencies shown.

There is nothing in Luis Pelisamen's record to indicate a propensity for violence.

**III.**

**RELEASE SHOULD NOT BE DENIED ON GROUNDS OF RISK OF FLIGHT OR DANGEROUSNESS**

A. Defendant Luis Pelisamen does Not Pose a Flight Risk.

It is the prosecution's burden to show by a preponderance

-6-

of the evidence that no terms and conditions are likely to ensure the appearance of the Defendant.
*Supra*, *Motamedi*, 767 F.2d at 1406-07.

In evaluating flight risk, the fact that a defendant may have the opportunity to flee is insufficient to justify detention.
*United States v. Chen*, 820 F.Supp. 1205(N.D. Cal. 1992).

Given the prohibition of § 3142(e) and (f)(1) the Defendant must overcome the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and/or the safety of any other person or the community.

In making a determination pursuant to the factors listed in § 3142(g) this Court should find that it can establish terms and conditions which can reasonably ensure Defendant's presence in the Court when ordered. The Court may order house arrest.
*U.S. v. Traitz*, 807 F.2d 322(3d Cir. 1986), cert. denied, 493 U.S. 821 (1989).

The Court may order curfew restrictions, limitations on the operation of motor vehicles and travel, and communication restrictions.

See 18 U.S.C. § 3142(c); *U.S. v. Miller* 625 F. Supp.513(D.Kan. 1985).

The Court may order placement of an electronic monitoring device on Defendant. The Court may even order that should the Defendant fail to appear the trial may go forward in his absence, as a condition of release.
*U.S. v. Thomas*, 667 F.Supp. 727(D.Or. 1987).

Release of the Defendant to his daughter, Shana Wabol Pelisamen, as Third-Party Custodian , surrender of Defendant's passport, house confinement or curfew, electronic monitoring, random drug testing, and such other conditions as the Court may deem necessary are more than sufficient to ensure that the Defendant will appear and will not flee the jurisdiction.

Shana Pelisamen is the 28 year old daughter of the Defendant. She lives with her companion, Jordan Ongklungel and their two children and two children of the Defendant in a two bedroom, one bath, semi-concrete house. Shana Pelisamen will accept the responsibility of supervising her father and believes that he will obey her instructions. She tells counsel that he will have a bedroom to himself and she has just had a telephone installed in the house so that he can wear a monitoring device.

She promises to alert the court immediately if her father violates any condition of bail. It is recommended that the Defendant be released to his daughter as third party custodian on an unsecured bond, that he be confined to his daughter's house and wear a monitoring device.

B. <u>Defendant Luis Peliseman is Not a Danger</u>.

The Defendant is not a danger to the community. Releasing the Defendant to a third-party custodian and the imposition of conditions, as suggested, will be sufficient to protect persons and the community from any danger or threat of danger.

IV.

CONCLUSION

Defendant, Luis Pelisamen, is a U.S. citizen and has resided in the Commonwealth his entire life. There is nothing in his record or present circumstances that would suggest that he is a flight risk or a danger to any person or to the community. The Court cannot pre-judge the case and deny pre-trial release on the basis of the charges and the evidence against the Defendant, provided he overcomes the presumption of § 3142(e) and (f). It is submitted that his long term residence in the CNMI, the presence of his children and grandchildren all living

in close proximity in a family compound, and his lack of any history of violence, is sufficient to overcome any presumption that he would flee the jurisdiction or not obey the orders of the Court.

It is further submitted that this Court, based upon the applicable legal standard, can and should set terms and conditions for pre-trial release that will ensure that the Defendant will not flee and will make his appearances as ordered and that he will not pose a danger to any person or to the community.

Respectfully submitted on this 25th day of January 2008.

/S/ _____
LOREN A. SUTTON (F0179)
for Defendant Peliseman